

1   James A. Bruen (State Bar No. 43880)
    Sarah Peterman (State Bar No. 227082)
2   **FARELLA BRAUN & MARTEL LLP**
    235 Montgomery Street, 17th Floor
3   San Francisco, CA 94104
    Phone: (415) 954-4400
4   Fax: (415) 954-4480
5   jbruen@fbm.com
            -and-
6   **SPRIGGS & HOLLINGSWORTH**
    1350 I Street, N.W., Ninth Floor
7   Washington, DC 20005
    Phone: (202) 898-5800
8   Fax: (202) 682-1639

9                                          E-filing

    *Attorneys for Defendant*
10  *Novartis Pharmaceuticals Corporation*

11          IN THE UNITED STATES DISTRICT COURT
12        FOR THE NORTHERN DISTRICT OF CALIFORNIA

13  WILLIAM MASON and SUE MASON,
    husband and wife; SHIRLEY WERNER and
14  IRVING WERNER, wife and husband,

15      Plaintiffs                   Case No. **C 07 - 3453**

16  vs.

17  NOVARTIS PHARMACEUTICALS
18  CORPORATION; a Delaware corporation;
    MCKESSON CORPORATION, a Delaware
19  corporation; DOES 1-50,

20      Defendants.

21

22                      **NOTICE OF REMOVAL**

23      Defendants Novartis Pharmaceuticals Corporation ("NPC") and McKesson

24  Corporation ("McKesson"), by filing this Notice of Removal and related papers, removes

25  this action from the San Francisco County Superior Court, California, to the United

26  States District Court for the Northern District of California pursuant to 28 U.S.C. §§

27  1331, 1332, 1441, and 1446.  Defendant NPC's principal place of business is located at

28  59 Route 10, One Health Plaza, East Hanover, New Jersey 07936-1080.  Defendant

McKesson Corporation's principal place of business is located at One Post Plaza, San Francisco, California 94104. Plaintiffs William Mason and Sue Mason are citizens of the State of Wisconsin. *See* Complaint ¶ 3 (Exhibit A). Plaintiffs Shirley Werner and Irving Werner are citizens of the State of New Jersey. *See id.* at ¶ 4.

In support of removal, Defendants state:

1.    Plaintiffs commenced this action in the San Francisco County Superior Court, California, on or about June 28, 2007, by filing a "Complaint for Damages and Demand for Jury Trial" ("Complaint"), captioned *William Mason and Sue Mason, husband and wife; Shirley Werner and Irving Werner, wife and husband v. Novartis Pharmaceuticals Corporation, a Delaware corporation; McKesson Corporation, a Delaware corporation; DOES 1-50*, Docket No. CGC-07-464698 (the "State Court Action"). No defendant has been served in this action. Defendants attach all process, pleadings, motions or orders of which they are aware in the state court action. *See* Exhibit A.

2.    Plaintiffs William Mason and Shirley Werner allege that they suffer injuries, including osteonecrosis of the jaw ("ONJ"), as a result of taking NPC's prescription medications, Aredia® and/or Zometa®. *See, e.g.,* Complaint ¶¶ 3-4, 21, 28. Plaintiffs Sue Mason and Irving Werner allege loss of consortium of William Mason and Shirley Werner, respectively. *See* Complaint ¶¶ 67-68

3.    DOE defendants, including the unidentified defendants DOES 1-50 in this action, are not required to consent to removal and do not otherwise affect removal. *See, e.g., Green v. America Online*, 318 F.3d 465, 470 (3d Cir. 2003).

## FEDERAL QUESTION JURISDICTION

4.    This Court has federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs' claims require resolution of issues premised on the application of federal law and regulations. Accordingly, federal issues are actually in dispute, the federal issues are substantial, and the exercise of jurisdiction by this Court is consistent with congressional

judgment about the sound division of labor between the state and federal courts. *See, e.g., Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*, 545 U.S. 308, 125 S. Ct. 2363, 2366-67 (2005) (holding that federal question jurisdiction exists notwithstanding the fact that Congress did not provide a private right of action in the federal statute forming the basis of the substantial federal question).

5.    The United States Supreme Court's decision in *Grable* held that federal question jurisdiction did not require the plaintiffs to have asserted a federal cause of action.  A case asserting only state law causes of action is removable if it raises a substantial federal question. *See Grable*, 125 S. Ct. at 2369-71.

6.    Plaintiffs' Complaint raises substantial federal questions because plaintiffs allege that the FDA-approved labeling of Aredia® and Zometa® was inadequate, false and misleading. *See e.g.*, Complaint ¶¶ 42, 46-48.  The plaintiffs also allege that Aredia® and/or Zometa® were not adequately tested. *Id.* at ¶¶ 39, 42.  The plaintiffs therefore directly challenge the FDA's decision to approve Aredia® and/or Zometa® for marketing and to continue to allow NPC to market Zometa® as labeled today.

7.    Aredia® and Zometa® are currently marketed medicines that are subject to extensive regulation by the FDA.  The FDCA requires the FDA to ensure that "drugs are safe and effective" for their intended uses, 21 U.S.C. § 393(b)(2)(B), in part by "promptly and officially reviewing clinical research and taking appropriate action on the marketing of regulated products." 21 U.S.C. § 393(b)(1).  Communications to physicians about Aredia® and/or Zometa® are contained within, and restricted by labeling (such as the Package Insert) and promotional materials that are approved and/or monitored by the FDA to ensure the provision of accurate information about each of the drug's comparative risks and benefits.

8.    On January 24, 2006, in connection with its new prescription drug labeling rule, the FDA provided a detailed and emphatic explanation of why its approval of product labeling preempts conflicting state law claims related to the adequacy of

prescription drug warnings, noting that such claims frustrate "the full objectives of the Federal law." See Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, 71 Fed. Reg. 3922, 3935, 3934 (Jan. 24, 2006) ("FDA believes that under existing preemption principles, FDA approval of labeling under the act . . . preempts conflicting or contrary State law."). Accordingly, there also is a substantial federal question with respect to whether plaintiffs can claim, consistent with existing federal labeling requirements, that NPC failed to provide adequate warnings for Aredia® and/or Zometa® under state law.

9.    Plaintiffs' claim for punitive damages also raises a substantial federal question because New Jersey's punitive damages statute incorporates federal law by providing for a fraud-on-the-FDA exception and is in conflict with United States Supreme Court precedent. Under N.J.S.T. § 2A:58C-5(c), plaintiffs are also barred from recovering punitive damages unless they can prove that NPC "knowingly withheld or misrepresented" material and relevant information to the FDA required to be submitted under the FDA's regulations. This statute makes plaintiffs' punitive damages claims necessarily turn on whether NPC's disclosures to FDA satisfied its federal statutory and regulatory requirements, an issue the United States Supreme Court has held is "inherently federal in character." *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 353 (2001). This is a "significant federal issue" that permits removal under *Grable,* 545 U.S. 308.

## DIVERSITY JURISDICTION

10.    In the event that the Court determines there is no federal question jurisdiction over plaintiffs' claims, the Court should retain diversity jurisdiction over the claims of the Mason plaintiffs and only remove the claims of the Werner plaintiffs to state court.

11.    Plaintiffs allege that William Mason suffered injuries, including osteonecrosis of the jaw ("ONJ"), as a result of taking NPC's prescription medications,

Aredia® and/or Zometa® and that Sue Mason suffered loss of consortium. *E.g.*, Complaint ¶¶ 3-4, 21, 28, 67-68. The Complaint seeks, *inter alia*, compensatory damages, punitive damages, past medical costs, past and future loss of income, pre-trial and post-trial interest, and medical monitoring expenses. *See* Compl. ¶ 28 and p.13, Prayer for Relief.

12.     Although defendants deny plaintiffs' claims, defendants believe in good faith that the claims of William and Sue Mason put more than $75,000 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a). In fact, a number of suits involving similar claims and alleging similar damages have been filed in other federal courts asserting jurisdiction under § 1332(a). Pursuant to 28 U.S.C. § 1407, these cases have been or will be consolidated in a multidistrict litigation captioned *In re: Aredia® and Zometa® Products Liability Litigation*, No. 3:06-cv-1760, now pending in the United States District Court for the Middle District of Tennessee.

13.     Plaintiffs William Mason and Sue Mason are citizens of the State of Wisconsin. Complaint ¶ 3.

14.     NPC is, and has been at all relevant times, a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New Jersey. NPC is, therefore, a citizen of both New Jersey and Delaware.

15.     McKesson is, and has been at all relevant times, a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of California. McKesson is, therefore, a citizen of both New Jersey and California.

16.     The citizenship of parties sued under fictitious names (DOES 1-50) is disregarded for purposes of removing on the basis of diversity jurisdiction. 28 U.S.C. § 1441(a).

17.     No defendant has been served with the Complaint in the State Court action. No further proceedings have occurred in the state court action. *See, e.g.*, 28

U.S.C. § 1441(a); *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal.

1991) ("'a resident defendant who has not been served may be ignored in determining

removability'").

18.    Moreover, McKesson has been fraudulently joined because there is no

factual basis or viable theory upon which plaintiffs could recover against McKesson.

*See, e.g., McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citizenship

of fraudulently joined defendant does not affect removal); *Ritchey v. Upjohn Drug Co.*,

139 F.3d 1313, 1318 (9th Cir. 1998) (joinder may be fraudulent on fact of complaint or

defendant may produce facts to establish fraudulent joinder).

19.    Because the claims of the Werner plaintiffs do not arise from the same

transaction or occurrence as the claims of the Mason plaintiffs, this Court should exercise

its authority under Federal Rules of Civil Procedure 20 and/or 21, to sever the claims of

plaintiffs Shirley Werner and Irving Werner, and retain diversity jurisdiction over the

claims of plaintiffs William Mason and Sue Mason because the claims are misjoined.

*See In re Rezulin Prods. Liab. II*, 168 F. Supp. 2d 136 (S.D.N.Y. 2001) (severing claims

of misjoined parties, remanding those that were not diverse and retaining jurisdiction

over claims of diverse plaintiffs). *See In re Prempro Prods. Liab. Litig.*, 417 F. Supp. 2d

1058, 1059-60 (E.D. Ark. 2006); *see also* Cal. Code of Civ. P. 378.

20.    Alternatively, because it is clear that the Mason plaintiffs joined their

claims with those of the Werners solely for the purpose of defeating diversity jurisdiction,

justice requires that this Court sever the claims pursuant to Federal Rule of Civil

Procedure 21.

21.    This Court has original subject matter jurisdiction over this action

pursuant to 28 U.S.C. §§ 1332(a) and 1441, because complete diversity of citizenship

exists between plaintiffs William and Sue Mason and defendants.

22.    This Notice is being filed within 30 days after NPC's first receipt of a

copy of the initial pleading setting forth the claim for relief upon which the action is

based, as required by 28 U.S.C. § 1446(b).

23.    McKesson Corporation consents to this removal.

24.    A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Exhibit B.

Dated:  June 29, 2007

Respectfully submitted,

_James A. Bruen (State Bar No. 43880)_  FOR
Sarah Peterman (State Bar No. 227082)
**FARELLA BRAUN & MARTEL LLP**
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Phone: (415) 954-4400
Fax: (415) 954-4480
jbruen@fbm.com

*Of counsel:*
Joe G. Hollingsworth
Donald W. Fowler
Katharine R. Latimer
Robert E. Johnston
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW, Ninth Floor
Washington, D.C.  20005
Phone:  (202) 898-5800
Fax:  (202) 682-1639

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*

7

# Exhibit A

**FILED**
San Francisco County Superior Court

JUN 2 8 2007

GORDON PARK-LI, Clerk
BY: _Deborah Steppe_
DEBORAH STEPPE, Deputy Clerk

1  Robert F. Clarke, Esq.
   CA Bar ID 79881
2  PHILLIPS & ASSOCIATES
   3030 North Third Street, Suite 1100  CASE MANAGEMENT CONFERENCE SET
3  Phoenix, Arizona 85012
   Tel:   (602) 258-8900 ext. 295
4  Fax:   (602) 288-1671                 NOV 3 0 2007  -9:00 AM

5  Attorneys for Plaintiffs              DEPARTMENT 212        SUMMONS ISSUED

6
7                    SAN FRANCISCO SUPERIOR COURT

8               ~~UNITED STATES DISTRICT COURT~~

9              ~~NORTHERN DISTRICT OF CALIFORNIA~~

10  WILLIAM MASON and SUE MASON,         Case No. CGC-07-464 698
    husband and wife; SHIRLEY WERNER
11  and IRVING WERNER, wife and husband, COMPLAINT FOR DAMAGES

12              Plaintiffs,              -and-

13  vs.                                  DEMAND FOR JURY TRIAL

14  NOVARTIS PHARMACEUTICALS
    CORPORATION, a Delaware corporation;
15  MCKESSON CORPORATION, a
    Delaware corporation; DOES 1-50,
16
                Defendants.
17

18      For their Complaint against the defendants, Plaintiffs allege:

19      1.      This is a civil action for damages suffered by Plaintiffs as a result of their being

20  prescribed and infused with the prescription medications Aredia® (hereinafter, "Aredia")

    and/or Zometa® (hereinafter, "Zometa").

21      2.      Aredia and Zometa, each designed, manufactured, marketed, and distributed
22
    by Defendants named herein for the management of metastatic disease to the bone in cancer
23
    patients, have been shown to cause and precipitate osteonecrosis of the jaw among the
24
    patients receiving this therapy.  Osteonecrosis is bone death resulting from poor blood supply
25
    to an area of the bone.  Osteonecrosis of the jaw is a permanently disfiguring and extremely
26

---

PAGE 1
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  painful condition, and can result in the complete loss of the patient's jaw bone. Mrs. Werner

2  was infused with Aredia and Zometa, and Mr. Mason was infused with Zometa, Each has

3  suffered osteonecrosis of the jaw.

4  ### PARTIES

5      3.    Plaintiffs William Mason and Sue Mason are citizens of the State of Wisconsin

6  and Plaintiff William Mason was prescribed and infused with Zometa. Mr. Mason has been

7  diagnosed with osteonecrosis of the jaw.

8      4.    Plaintiffs Shirley Werner and Irving Werner are citizens of the State of New

9  Jersey and Plaintiff Shirley Werner was prescribed and infused with Aredia and Zometa.

10  Mrs. Werner has been diagnosed with osteonecrosis of the jaw.

11      5.    At all times herein mentioned, Defendant Novartis Pharmaceuticals

12  Corporation (hereinafter, "Novartis") was and is a Delaware corporation, with its principal

13  place of business at One Health Plaza, East Hanover, New Jersey 07936-1080.

14      6.    Defendant McKesson Corporation (hereinafter, "McKesson") was and is a

15  corporation organized and existing under the laws of the State of Delaware, with its principal

16  place of business at One Post Street, San Francisco, California 94104.

17      7.    The true names or capacities, whether individual, corporate, or otherwise, of

18  Defendants Does 1-50, are unknown to Plaintiffs who therefore sue said defendants by such

19  fictitious names. Plaintiffs believe and allege that each of the Defendants designated herein

20  by fictitious names is in some manner legally responsible for the events and happenings

21  herein referred to and proximately caused foreseeable damages to Plaintiffs as alleged herein.

22      8.    At all times herein mentioned, "Defendants" include all named Defendants

23  herein as well as Defendants Does 1-50.

24      9.    At all times herein mentioned, Defendants did business in the State of

25  California and knew that there transactions would subject them to suit in California.

26      10.    At all relevant times Defendants, through their agents, servants, employees and

1 apparent agents, were the designers, manufacturers, marketers, distributors and/or sellers of

2 Aredia and Zometa. Defendants sold and distributed Aredia and Zometa throughout the

3 world, including all 50 states in the United States and throughout California, Wisconsin and

4 New Jersey.

## FACTUAL BACKGROUND

6      11.     Aredia and Zometa are classified as bisphosphonates and are prescribed for the

7 management of prostate cancer, multiple myeloma and bone metastases from solid tumors,

8 in conjunction with standard antineoplastic therapy, and hypercalcemia of malignancy.

9 Zometa is Novartis's successor drug to Aredia, as Aredia was the first generation version of

10 Zometa. Zometa is now marketed by Defendants for all or almost all of the uses for which

11 they previously marketed Aredia.

12      12.     Aredia and Zometa have been approved by the United States Food and Drug

13 Administration.

14      13.     Because of the long half-life of Aredia and Zometa in the body, the drugs

15 remain in the bones of persons who have been infused with them for many years, or even

16 permanently. For this reason, onset of osteonecrosis of the jaw or worsening of a patient's

17 condition can occur years after infusions of the drug have been discontinued.

18      14.     In the year 2002 or before, Novartis was notified by one physician that he had

19 dozens of cases in which patients taking Aredia had experienced problems so severe that they

20 had lost portions of their jaws. Other oral surgeons during that time frame and before had

21 been reporting such problems to Novartis.

22      15.     On information and belief, Novartis had similar information as to adverse

23 effects caused by its drug Zometa, which has similar properties and effects as Aredia and is

24 marketed as a more effective replacement for Aredia. Indeed, a group of physicians

25 published a report about patients being diagnosed with osteonecrosis of the jaw after being

26 given Aredia and Zometa. The report said, "the jaw complications presented in this review

1  have had a major negative effect on the quality of daily life for each of these patients" and

2  determined that "bisphosphonates may be at least partially responsible." Ruggiero, et al.,

3  "Osteonecrosis of the Jaws Associated with the Use of Bisphosphonates: A Review of 63

4  Cases," Journal of Oral and Maxillofacial Surgery, vol. 62, p. 533 (2004).

5      16.    Nevertheless, Novartis and the other Defendants did not undertake to advise

6  physicians, notify the consuming public or place information about the possibility of

7  suffering osteonecrosis of the jaw on their products until September of 2004. Novartis did

8  not undertake to notify dental professionals until May of 2005.

9      17.    These efforts to date by Novartis and the other defendants are not adequate to

10  provide the public and health care professionals with the information needed to understand

11  the risks inherent in the use of Aredia and Zometa.

12      18.    Despite knowledge of the specific risk, Defendants have failed timely to initiate

13  studies to further investigate risks associated with the use of Aredia and Zometa.

14      19.    Further, Defendants had a duty to fully test and evaluate Aredia and Zometa

15  prior to their introduction into the market, to ensure that the drugs were safe to use for their

16  intended purpose. Defendants failed to satisfy this duty.

17      20.    Defendants failed to conduct proper "dosing studies" to ascertain the minimum

18  effective quantities of Aredia and Zometa and thereby to establish the proper quantities of

19  the drugs to be administered to patients and the proper number of infusions which patients

20  should receive. Identifying the minimum effective dosage and setting the dosage instructions

21  accordingly are critical to avoiding the occurrence of side effects. As a result of Defendants'

22  failure to instruct as to the proper dosage, upon information and belief, the amount of the

23  drugs actually administered to Mr. Mason and Mrs. Werner constituted an overdose and

24  contributed to the side effects and harm each has suffered.

25      21.    Plaintiffs were prescribed and infused with Aredia and/or Zometa in the course

26  of medical treatment and as a result of using these drugs have suffered severe pain and

suffering, discomfort, disfiguration and other harm through osteonecrosis of the jaw. As a result of the osteonecrosis, Plaintiffs suffer significant pain, difficulty in ingesting food normally, disfigurement, emotional distress and mental anguish, and have had their life spans shortened. Plaintiffs have incurred and will continue to incur medical and health care related costs and expenses to treat their condition. Plaintiffs have been severely damaged in mind and in body, their enjoyment of life has decreased, and they have been adversely affected in their avocations, career and/or employment.

22.    Defendants knew or should have known that Aredia and Zometa are dangerously defective products which pose risks to human health, unknown and unknowable by the consuming public and medical professionals, including Plaintiffs and their health care providers, unless disclosed by Defendants.

23.    Because Defendants failed timely and sufficiently to notify Plaintiffs and their physicians and health care providers of the true risk of osteonecrosis of the jaw when using Aredia and/or Zometa, Plaintiffs were unable to undertake preventive dental care which may have prevented their development of osteonecrosis of the jaw or mitigated the harm they suffered.

24.    Plaintiffs were prescribed and infused with Aredia and/or Zometa in a foreseeable manner pursuant to their respective prescriptions, which had been provided in a condition that was substantially the same as the condition in which it was manufactured and sold.

25.    Defendants, through their affirmative misrepresentations and omissions, actively concealed from Plaintiffs and their physicians the true and significant risks associated with use of Aredia and Zometa. The running of any applicable Statute of Limitations has been tolled by reason of Defendants' fraudulent concealment.

26.    Defendants actions amounted to over promotion.

27.    Defendants actions do not meet the criteria necessary to overcome the

1   "Reasonable Expectations Doctrine".

2       28.     As a result of using Aredia and/or Zometa, Plaintiffs suffered compensable

3   injuries, including but not limited to the following:

4           a.      severe and permanent physical and medical injuries and associated

5                   disabilities;

6           b.      severe past and future pain and suffering;

7           c.      severe past and future mental anguish;

8           d.      loss of enjoyment of life;

9           e.      increased risk of health problems;

10          f.      past and future medical care and monitoring; and

11          g.      loss of past and future income.

12                          **FIRST CLAIM FOR RELIEF**

13                          **(Strict Product Liability)**

14      29.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1

15  through 28 of the Complaint as if they were set forth here in full.

16      30.     Defendants were engaged in the business of manufacturing, creating,

17  designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising

18  and otherwise distributing Aredia and Zometa in interstate commerce, throughout the world

19  and in the States of California, Wisconsin and New Jersey.

20      31.     Plaintiffs were using Aredia and Zometa in the manner for which they were

21  intended or in a reasonably foreseeable manner.

22      32.     Aredia and Zometa were expected to and did reach Plaintiffs without

23  substantial change in their condition as manufactured, created, designed, tested, labeled,

24  sterilized, packaged, supplied, marketed, sold, advertised and otherwise distributed.

25      33.     Plaintiffs were not aware of, and reasonably could not have discovered, the

26  actual dangerous nature of Aredia and/or Zometa.

34.    Aredia and Zometa cause increased risks of osteonecrosis of the jaw upon consumption, and therefore constitute products unreasonably dangerous for normal use due to their defective design, defective manufacture, and the Defendants' misrepresentations and inadequate facts disclosed to the Plaintiffs including, *inter alia*, the actual risk of developing osteonecrosis of the jaw and the permanent, irreversible harm associated with the disease.

35.    As a direct and proximate result of Defendants' manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising and otherwise distributing Aredia and Zometa in interstate commerce, Plaintiffs were injured and are entitled to recover compensatory damages in amounts to be proven at trial.

36.    The Defendants therefore are strictly liable to the Plaintiffs and Plaintiffs are entitled to compensatory damages. Additionally, Defendants' conduct was so outrageous as to constitute ill will, bad motive and reckless indifference to the interests of the consumers. Plaintiffs therefore are entitled to punitive damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Negligence - Negligent Manufacture)

37.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 36 of the Complaint as if they were set forth here in full.

38.    It was the duty of Defendants to use reasonable care in the manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising and otherwise distributing of Aredia and Zometa.

39.    Contrary to their duty, Defendants failed:

(a) to adequately and properly test and inspect Aredia and Zometa so as to ascertain whether or not they were safe and proper for the purpose for which they were designed, manufactured and sold;

(b) to adequately and properly conduct a dosing study or otherwise to test Aredia and Zometa to ascertain the minimum effective dosages and to use this information

1  to instruct the users of the drug of the proper dosage so as to minimize the risk of

2  development of osteonecrosis of the jaw or other side effects;

3            (c) to utilize and/or implement a reasonably safe design in the manufacture of

4  Aredia and Zometa;

5            (d) to manufacture Aredia and Zometa in a reasonably safe condition

6  appropriate for the use for which they were intended; and

7            (e) to adequately and properly test Zometa to ascertain the proper infusion

8  speed to reduce the risk of liver injury or other side effects.

9      40.    Defendants manufactured and sold Aredia and Zometa, which as constituted

10  are and were a hazard to Plaintiffs' health. Defendants' manufacture and sale of Aredia and

11  Zometa as constituted caused Plaintiffs to suffer adverse side effects and disease.

12      41.    Defendant was otherwise careless and negligent.

13      42.    As a direct and proximate result of Defendants' negligent, reckless and careless

14  manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying,

15  marketing, selling, advertising and otherwise distributing Aredia and Zometa in interstate

16  commerce, Plaintiffs were injured.

17      43.    As the proximate cause and result of Defendants' failure to properly warn

18  physicians and consumers, Plaintiffs were injured and are entitled to recover compensatory

19  and punitive damages in amounts to be proven at trial.

20            **THIRD CLAIM FOR RELIEF**

21            (Negligence - Failure to Warn)

22      44.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1

23  through 43 of the Complaint as if they were set forth here in full.

24      45.    It was Defendants duty to use reasonable care in the labeling, marketing,

25  selling, advertising, and promoting of Aredia and Zometa, and to warn Plaintiffs and their

26  medical providers of the true risk of osteonecrosis of the jaw and other side effects when

1  using Defendants' drugs.

2      46.    Contrary to their duty, Defendants failed:

3          (a) to adequately and properly warn Plaintiffs of the risks of serious

4  complications and bodily harm when Aredia and Zometa are used in the manner for which

5  they were intended;

6          (b) to adequately and properly warn Plaintiffs of the risks of diseases when

7  Aredia and Zometa are used in a manner for which they were intended;

8          (c) to adequately and properly label Aredia and Zometa so as to warn the

9  Plaintiffs of the risks of complications and disease;

10          (d) to adequately and properly label Aredia and Zometa so as to warn the

11  Plaintiffs of the risks of osteonecrosis of the jaw; and

12          (e) to inform Plaintiffs and their medical providers the proper speed at which

13  to infuse Zometa so as to reduce the risk of liver injury or other side effects.

14      47.    Further, Defendants failed to meet the standard of care set by the Federal Food,

15  Drug and Cosmetic Act, 21 U.S.C. § 301, et seq., related amendments and codes and federal

16  regulations provided thereunder, the Sherman Food, Drug and Cosmetic Law, and other

17  applicable laws, statutes and regulations. Defendant further failed in the following respects:

18          (a) The labeling lacked adequate information on the use of the drugs Aredia

19  and Zometa (21 C.F.R. § 201.56(a) and (d));

20          (b) The labeling failed to provide adequate warnings of severe and disabling

21  medical conditions including, without limitation, osteonecrosis of the jaw, and other adverse

22  medical conditions as soon as there was reasonable evidence of their association with the

23  drugs (21 C.F.R. 201.57(e));

24          (c) There was inadequate information for patients for the safe and effective use

25  of Defendants' drugs (21 C.R.F. 201.57(f)(2));

26          (d) There was inadequate information regarding special care to be exercised

1  by the Plaintiffs' doctors for safe and effective use of Defendants' drugs (21 C.F.R.
2  201.57(f)(1));

3        (e) The labeling was misleading and promotional (21 C.F.R. 201.56(b)); and

4        (f) Defendants' acts constitute and adulteration and/or misbranding as defined
5  by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 331.

6      48.    Defendants' products Aredia and Zometa were unaccompanied by proper and
7  adequate warnings regarding the risk of osteonecrosis of the jaw associated with the use of
8  Defendants' products and the scope, severity and duration of such injuries.

9      49.    Despite Defendants' failure to provide adequate warnings to protect users or
10  consumers of Aredia and Zometa, Defendants nevertheless continued to aggressively market,
11  promote, distribute and sell the dangerously defective products.

12      50.    As a result of Defendants' negligence and the violations of the statutes and
13  regulations listed above, Plaintiffs suffered injuries and damages as alleged herein.

14      51.    As a direct and proximate result of Defendants' failure to warn, Plaintiffs were
15  injured and are entitled to recover compensatory and punitive damages in amounts to be
16  proven at trial.

17                **FOURTH CLAIM FOR RELIEF**
18                **(Breach of Express Warranty)**

19      52.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1
20  through 51 of the Complaint as if they were set forth here in full.

21      53.    Defendants expressly warranted, by and through statements made by
22  Defendants or their authorized agents, that Aredia and Zometa were safe, effective, fit and
23  proper for their intended use.

24      54.    Plaintiffs, and their agents, relied on the skill, judgment and representations of
25  Defendants.

26      55.    Aredia and Zometa did not conform to Defendants' express warranties in that

1  they were not safe and fit for their intended use because it caused serious adverse side

2  effects, including osteonecrosis of the jaw.

3      56.    As the proximate cause and result of Defendants' breach of their express

4  warranties, Plaintiffs were injured and are entitled to recover compensatory and punitive

5  damages in amounts to be proven at trial.

6                      FIFTH CLAIM FOR RELIEF

7                      (Breach of Implied Warranty)

8      57.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1

9  through 56 of the Complaint as if they were set forth here in full.

10     58.    Defendants impliedly warranted to Plaintiffs, and their agents, that Aredia and

11 Zometa were of merchantable quality and safe and fit for their intended use.

12     59.    Plaintiffs, and their agents, relied on Defendants' skill and judgment.

13     60.    Aredia and Zometa were not of merchantable quality or safe and fit for their

14 intended use in that they had dangerous propensities when used as intended to cause severe

15 injuries, including osteonecrosis of the jaw, to the user.

16     61.    As the proximate cause and result of Defendants' breach of its implied

17 warranties, Plaintiffs were injured and are entitled to recover compensatory and punitive

18 damages in amounts to be proven at trial.

19                     SIXTH CLAIM FOR RELIEF

20                     (Equitable Relief)

21                     (Medical Monitoring Program)

22     62.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1

23 through 61 of the Complaint as if they were set forth here in full.

24     63.    As a direct and proximate result of Defendants' acts as alleged herein,

25 Plaintiffs face an increased susceptibility to injuries as described herein.  The irreparable

26 threat to their health can only be mitigated by the creation of a medical monitoring fund to

1  provide for a medical monitoring program, including: notifying Plaintiffs and subclasses of

2  the defects and the potential medical harm; funding of a program for the surgical treatment

3  of osteonecrosis of the jaw; funding a study for the long term effects of Aredia and Zometa

4  upon Plaintiffs; gathering and forwarding to treating physicians information relating to the

5  diagnosis and treatment of injuries which may result from the product; and funding for

6  diagnosis and preventative medical treatment, particularly dental and oral monitoring.

7       64.    Plaintiffs have no adequate remedy in law in that monetary damages alone do

8  not compensate for the insidious and continuing nature of the harm to them, and only a

9  medical monitoring program which notifies Plaintiffs and aids in correcting the problems can

10  prevent the greater harms which may not occur immediately and which may be preventable,

11  if proper research is conducted and the health risks are diagnosed and treated before they

12  occur or become worse.

13       65.    Plaintiffs suffered irreparable harm as alleged herein and, in the absence of

14  equitable relief, Plaintiffs will suffer further irreparable harm such as death and severe and

15  debilitating injuries from continued retention of the defective drug.  Without a medical

16  monitoring program, Plaintiffs might not receive prompt medical care which could prolong

17  their productive lives, increase prospects for improvement and minimize disability.

18                          SEVENTH CLAIM FOR RELIEF

19                              (Loss of Consortium)

20       66.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1

21  through 65 of the Complaint as if they were set forth here in full.

22       67.    Plaintiff spouses, Sue Mason and Irving Werner (hereinafter, the "Spouse

23  Plaintiffs"), who were not infused with either Aredia or Zometa, bring this cause of action

24  for loss of consortium.

25       68.    By reason of the injuries described herein sustained by Plaintiffs William

26  Mason and Shirley Werner the Spouse Plaintiffs have been and will continue to be deprived

1 | of consortium, society, comfort, protection, and service, thereby causing and continuing to

2 | cause them grief, sorrow, mental anguish, emotional distress and pain and suffering.

## PRAYER FOR RELIEF

4 | **WHEREFORE**, Plaintiffs pray for judgment against Defendants, jointly and/or

5 | severally, as follows:

6 |     a.    For general and special damages in an amount to be determined at trial;

7 |     b.    For prejudgment and post-judgment interest on the above general and special

8 | damages;

9 |     c.    For punitive damages in a amount sufficient to punish Defendants and deter

10 |         such conduct in the future.

11 |     d.    For costs and attorneys' fees; and

12 |     e.    For all other relief that Plaintiffs may be entitled to at equity or at law,

13 | including but not limited to the funding of a medical monitoring program.

## DEMAND FOR JURY TRIAL

15 | Plaintiffs demand a trial by jury on all claims so triable in this action.

16 | Dated: June 26, 2007              Respectfully submitted,

17 |                         PHILLIPS & ASSOCIATES

19 |                         By

20 |                         Robert F. Clarke, Esq.
                        3030 North Third Street, Suite 1100

21 |                         Phoenix, Arizona 85012
                        Attorneys for Plaintiffs

22

23

24

25

26

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Robert F. Clarke, Esq. (CSBN 79881)
PHILLIPS & ASSOCIATES
3030 North Third Street, Phoenix, Arizona 85012
TELEPHONE NO.: (602) 258-8900 ex 295   FAX NO.: (602) 288-1632
ATTORNEY FOR (Name): Plaintiff

**FILED**
San Francisco County Superior Court

JUN 2 8 2007

GORDON PARK-LI, Clerk
BY: _Deborah Steppe_
DEBORAH STEPPE, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

**CASE NAME:**
William Mason, et ux, et v. Novartis Pharmaceuticals Corporation, et al.

CASE NUMBER:
**CGC-07-464698**

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[✓] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action (specify): Seven

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 26, 2007

_____
(TYPE OR PRINT NAME)
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or
Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation
(Cal. Rules of Court Rules 1800–1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally
complex case type listed above)*
(41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)*
(43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
NOVARTIS PHARMACEUTICALS CORPORATION, a Delaware corporation; MCKESSON CORPORATION, a Delaware corporation; DOES 1-50.

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
WILLIAM MASON and SUE MASON, husband and wife; SHIRLEY WERNER and IRVING WERNER, wife and husband.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
San Francisco County Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
(Número del Caso):
CGC-07-464698

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Robert F. Clarke, Esq.
Phillips & Associates, 3030 N Third St, Ste 1100, Phoenix, AZ 850012; Tel: (602) 258-8900 ext. 295

DATE:          JUN 2 8 2007          Gordon Park-Li, Clerk, by          Deborah Steppe          , Deputy
(Fecha)                              (Secretario)                                                (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

**Superior Court of California, County of San Francisco**
Case Number: CGC-07-464698
Title: WILLIAM MASON et al VS. NOVARTIS PHARMACEUTICALS CORPORATION, A DELAWARE et al
Cause of Action: PRODUCTS LIABILITY
Generated: Jun-29-2007 8:00 am PST

Register of Actions    Parties    Attorneys    Calendar    Payments

# Calendar

Ascending Date Sequence    Submit

| Court Date | Matter(s) | Location | Judge |
|---|---|---|---|
| Nov-30-2007 9:00am | | CIVIC CENTER COURTHOUSE ROOM 212 | ARLENE T. BORICK |

**Exhibit B**

1   James A. Bruen (State Bar No. 43880)
    Sarah Peterman (State Bar No. 227082)
2   **FARELLA BRAUN & MARTEL LLP**
    235 Montgomery Street, 17th Floor
3   San Francisco, CA 94104
    Phone: (415) 954-4400
4   Fax: (415) 954-4480
    jbruen@fbm.com
5          -and-
    **SPRIGGS & HOLLINGSWORTH**
6   1350 I Street, N.W., Ninth Floor
    Washington, DC 20005
7   Phone: (202) 898-5800
    Fax: (202) 682-1639
8
    *Attorneys for Defendant*
9   *Novartis Pharmaceuticals Corporation*

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                    **FOR THE COUNTY OF SAN FRANCISCO**

13

14  WILLIAM MASON and SUE MASON,          Case No.: CGC-07-464698
    husband and wife; SHIRLEY WERNER
15  and IRVING WERNER, wife and husband,  **DEFENDANT NOVARTIS
                                          PHARMACEUTICAL CORPORATION'S
16        Plaintiffs                      NOTICE TO THE CLERK OF THE
                                          SUPERIOR COURT OF SAN FRANCISCO
17  vs.                                   AND TO ADVERSE PARTY OF REMOVAL
                                          TO FEDERAL COURT UNDER 28 U.S.C.
18  NOVARTIS PHARMACEUTICALS             1441(B) (DIVERSITY)**
    CORPORATION; a Delaware corporation;
19  MCKESSON CORPORATION, a               Complaint Filed: June 28, 2007
    Delaware corporation; DOES 1-50,      Trial Date: None Set
20                                        Discovery Cut-Off: None Set
    Defendants.
21

22        On June 29, 2007, Defendant Novartis Pharmaceuticals Corporation filed the attached

23  Notice of Removal in the United States District Court for the Northern District of California,

24  thereby removing this case to that Court pursuant to 28 U.S.C. § 1441(a) and § 1446(a). A copy

25  of the Notice of Removal is attached hereto as Exhibit "A."

26

27

28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

04401\1287882.1

1    This Court may proceed no further with this action unless or until the case is remanded by

2  the District Court.

3  Dated:  July 2, 2007                         Respectfully submitted,

4
5                                               s/ James A. Bruen
                                                James A. Bruen (State Bar No. 43880)
6                                               **FARELLA BRAUN & MARTEL LLP**
                                                235 Montgomery Street, 17th Floor
7                                               San Francisco, CA  94104
                                                Phone: (415) 954-4400
8                                               Fax: (415) 954-4480
                                                jbruen@fbm.com
9
                                                *Of counsel:*
10                                              Joe G. Hollingsworth
                                                Donald W. Fowler
11                                              Katharine R. Latimer
                                                Robert E. Johnston
12                                              SPRIGGS & HOLLINGSWORTH
                                                1350 I Street, NW, Ninth Floor
13                                              Washington, D.C.  20005
                                                Phone:  (202) 898-5800
14                                              Fax:  (202) 682-1639

15                                              *Attorneys for Defendant Novartis Pharmaceuticals
                                                Corporation*
16
17
18
19
20
21
22
23
24
25
26
27
28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

- 2 -

04401\1287882.1

Notice of Removal to Federal Court