1  James A. Bruen (State Bar No. 43880)
   Sarah Peterman (State Bar No. 227082)
2  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
3  San Francisco, CA  94104
   Telephone:  (415) 954-4400
4  Facsimile:  (415) 954-4480
   jbruen@fbm.com
5  speterman@fbm.com
        -and-
6  Spriggs & Hollingsworth
   1350 I Street, NW, Ninth Floor
7  Washington, DC  20005
   Telephone:  (202) 898-5800
8  Facsimile:  (202) 682-1639

9  Attorneys for Defendants
   NOVARTIS PHARMACEUTICALS
10 CORPORATION

11                  UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15 WILLIAM MASON and SUE MASON,        Case No.  C 07-3453 JL
   husband and wife; SHIRLEY WERNER
16 and IRVING WERNER, wife and husband,  • **ANSWER TO COMPLAINT**

17              Plaintiff,                • **JURY DEMAND**

18      vs.

19 NOVARTIS PHARMACEUTICALS
   CORPORATION, a Delaware corporation;
20 MCKESSON CORPORATION, a
   Delaware corporation; DOES 1-50,
21
                Defendants.
22

23

24              **ANSWER AND DEFENSES OF DEFENDANT**
             **NOVARTIS PHARMACEUTICALS CORPORATION**
25              **TO PLAINTIFFS' COMPLAINT**

26      Defendant Novartis Pharmaceuticals Corporation ("NPC") responds to plaintiffs'

27 Complaint ("the Complaint") as follows:

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.       - 1 -                       04401\1288768.1
C-07-3453 JL

1.    The allegations in Paragraph 1 of the Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, NPC denies the allegations in Paragraph 1 of the Complaint.  NPC specifically denies that any injuries alleged in the Complaint were caused by Aredia® and/or Zometa®.

2.    Paragraph 2 of the Complaint contains allegations regarding parties other than NPC to which no response by NPC is required.  To the extent that a response is required, NPC admits in response to the first sentence in Paragraph 2 of the Complaint that NPC markets and distributes Zometa® and that it distributes Aredia® in the United States.  NPC admits that in the past it did market Aredia® in the United States.  NPC affirmatively avers that Aredia® and Zometa® are approved by the Food and Drug Administration ("FDA") for the indications listed on each product's label.  NPC denies the allegations in the first sentence in Paragraph 2 of the Complaint to the extent that they mischaracterize or misstate information contained on the label for Aredia® and/or Zometa®.  NPC denies all remaining allegations in the first sentence in Paragraph 2 of the Complaint.  NPC specifically denies that any injuries alleged in the Complaint were caused by Aredia® and/or Zometa®.  NPC denies the allegations in the second and third sentences in Paragraph 2 of the Complaint.  NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fourth sentence in Paragraph 2 of the Complaint and therefore denies the same.

3.    NPC lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies same.

4.    NPC lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies same.

5.    In response to the allegations in Paragraph 5 of the Complaint, NPC admits that it is a corporation incorporated under the laws of the state of Delaware with its principal offices located in East Hanover, New Jersey.

6.    Paragraph 6 of the Complaint contains allegations regarding parties other than NPC to which no response by NPC is required.  NPC is also unable to respond to the allegations in Paragraph 6 of the Complaint because NPC lacks sufficient knowledge or information to

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.    - 2 -
C-07-3453 JL                                    04401\1288768.1

1    determine what time periods plaintiffs assert are "[a]t all times herein mentioned." To the extent

2    that a response is required, on information and belief, NPC affirmatively avers that McKesson

3    Corporation is a corporation incorporated under the laws of the state of Delaware with its

4    principal offices located in San Francisco, California.

5        7.    Paragraph 7 of the Complaint contains allegations regarding parties other than

6    NPC to which no response by NPC is required. To the extent that a response is required, NPC

7    lacks sufficient knowledge or information sufficient to form a belief as to the truth of the

8    allegations in Paragraph 7 of the Complaint and therefore denies same.

9        8.    Paragraph 8 of the Complaint contains allegations regarding parties other than

10   NPC to which no response by NPC is required. NPC is also unable to respond to the allegations

11   in Paragraph 8 of the Complaint because NPC lacks sufficient knowledge or information to

12   determine what time periods plaintiffs assert are "[a]t all times herein mentioned." To the extent

13   that a response is required, NPC lacks sufficient knowledge or information sufficient to form a

14   belief as to the truth of allegations in the Complaint regarding parties other than NPC and

15   therefore denies the same.

16       9.    Paragraph 9 of the Complaint contains allegations regarding parties other than

17   NPC to which no response by NPC is required. NPC is also unable to respond to the allegations

18   in Paragraph 9 of the Complaint because NPC lacks sufficient knowledge or information to

19   determine what time periods plaintiffs assert are "[a]t all times herein mentioned." To the extent

20   that a response is required, NPC admits that it does business in California. NPC denies the

21   remaining allegations in Paragraph 9 of the Complaint.

22       10.   Paragraph 10 of the Complaint contains allegations regarding parties other than

23   NPC to which no response by NPC is required. NPC is also unable to respond to the allegations

24   in Paragraph 10 of the Complaint because NPC lacks sufficient knowledge or information to

25   determine what time periods plaintiffs assert in Paragraph 10 of the Complaint. To the extent that

26   a response is required, NPC admits in response to the first sentence in Paragraph 10 of the

27   Complaint that NPC markets, distributes, and sells Zometa® and that it distributes and sells

28   Aredia®. NPC admits that in the past it did market Aredia®. NPC denies all remaining

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL

- 3 -

04401\1288768.1

1    allegations in the first sentence in Paragraph 10 of the Complaint. To the extent that a response is

2    required to the second sentence in Paragraph 10 of the Complaint, NPC admits that NPC sells and

3    distributes Zometa® and Aredia® in all fifty states in the United States, including California,

4    Wisconsin, and New Jersey. NPC denies all remaining allegations in the second sentence in

5    Paragraph 10 of the Complaint.

6          11.    Paragraph 11 of the Complaint contains allegations regarding parties other than

7    NPC to which no response is required. To the extent that a response is required, NPC admits that

8    Zometa® and Aredia® are bisphosphonic acids. NPC affirmatively avers that Aredia® and

9    Zometa® are approved by the Food and Drug Administration ("FDA") for the indications listed

10    on each product's label. NPC denies the allegations in Paragraph 11 of the Complaint to the

11    extent that they mischaracterize or misstate information contained on the label for Aredia® and/or

12    Zometa®. NPC does not know the meaning that plaintiffs ascribe to the phrase "successor drug"

13    in the second sentence in Paragraph 11, and, therefore, NPC is unable to respond to the

14    allegations contained therein and denies the same. To the extent that plaintiffs' use of

15    "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

16    to form a belief as to the truth of the allegations and, therefore, denies the same. NPC denies the

17    remaining allegations in Paragraph 11 of the Complaint.

18          12.    In response to Paragraph 12 of the Complaint, NPC affirmatively avers that

19    Aredia® and Zometa® are approved by the Food and Drug Administration ("FDA") for the

20    indications listed on each product's label.

21          13.    NPC denies the allegations in Paragraph 13 of the Complaint.

22          14.    In response to Paragraph 14 of the Complaint, NPC admits that it received reports

23    in 2002 that some patients treated with Aredia® and/or Zometa® presented with osteonecrosis of

24    the jaw. NPC denies the remaining allegations in Paragraph 14 of the Complaint.

25          15.    In response to Paragraph 15 of the Complaint, NPC admits that in 2004, Dr.

26    Ruggerio and others published an article entitled "Osteonecrosis of the Jaws Associated with the

27    Use of Bisphosphonates: A Review of 63 cases," in the <u>Journal of Oral and Maxillofacial</u>

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL      - 4 -

04401\1288768.1

1    <u>Surgery</u>. NPC admits that the quoted language appears in this article, but avers that the article

2    speaks for itself. NPC denies the remaining allegations in Paragraph 15 of the Complaint.

3         16.    Paragraph 16 of the Complaint contains allegations regarding parties other than

4    NPC to which no response by NPC is required. To the extent that a response is required, NPC

5    affirmatively avers that it sent correspondence to medical professionals on September 21, 2004

6    and to dentists on May 5, 2005 addressing the subject of osteonecrosis of the jaw. To the extent

7    that plaintiffs' use of "defendants" refers to defendants other than NPC, NPC lacks sufficient

8    knowledge or information to form a belief as to the truth of the allegations and, therefore, denies

9    the same. NPC denies the remaining allegations in Paragraph 16 of the Complaint.

10         17.    Paragraph 17 of the Complaint contains allegations regarding parties other than

11    NPC to which no response by NPC is required. Paragraph 17 of the Complaint also contains

12    allegations that constitute legal conclusions to which no response is required. To the extent that

13    plaintiffs' use of "defendants" refers to defendants other than NPC, NPC lacks sufficient

14    knowledge or information to form a belief as to the truth of the allegations and, therefore, denies

15    the same. To the extent that a response is required, NPC denies the remaining allegations in

16    Paragraph 17 of the Complaint.

17         18.    Paragraph 18 of the Complaint contains allegations regarding parties other than

18    NPC to which no response by NPC is required. The allegations in Paragraph 18 of the Complaint

19    constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of

20    "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

21    to form a belief as to the truth of the allegations and therefore denies the same. To the extent that

22    a response is required, NPC denies the allegations in Paragraph 18 of the Complaint.

23         19.    Paragraph 19 of the Complaint contains allegations regarding parties other than

24    NPC to which no response by NPC is required. The allegations in Paragraph 19 of the Complaint

25    constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of

26    "defendants" refers to defendants other than NPC, NPC states that it lacks sufficient knowledge

27    or information to form a belief as to the truth of the allegations and, therefore, denies the same.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.    - 5 -
C-07-3453 JL                                          04401\1288768.1

1  To the extent that a response is required, NPC denies the allegations in Paragraph 19 of the

2  Complaint.

3       20.    Paragraph 20 of the Complaint contains allegations regarding parties other than

4  NPC to which no response by NPC is required.  The allegations in Paragraph 20 of the Complaint

5  constitute legal conclusions to which no response is required.  To the extent that plaintiffs' use of

6  "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

7  to form a belief as to the truth of the allegations and, therefore, denies the same.  To the extent

8  that a response is required, NPC denies the allegations in Paragraph 20 of the Complaint.

9       21.    Paragraph 21 of the Complaint contains allegations regarding parties other than

10  NPC to which no response by NPC is required.  The allegations in Paragraph 21 of the Complaint

11  constitute legal conclusions to which no response is required.  To the extent that a response is

12  required, NPC lacks sufficient knowledge or information to form a belief as to the truth of the

13  allegations in Paragraph 21 of the Complaint and therefore denies the same.  NPC denies that any

14  of the injuries alleged in Paragraph 21 were caused by Aredia® and/or Zometa®.

15       22.    Paragraph 22 of the Complaint contains allegations regarding parties other than

16  NPC to which no response by NPC is required.  The allegations in Paragraph 22 of the Complaint

17  constitute legal conclusions to which no response is required.  To the extent that a response is

18  required, NPC lacks sufficient knowledge or information to form a belief as to the truth of the

19  allegations regarding the knowledge of plaintiffs, plaintiffs' healthcare providers and others and

20  therefore denies the same.  To the extent that plaintiffs' use of "defendants" refers to defendants

21  other than NPC, NPC lacks sufficient knowledge or information to form a belief as to the truth of

22  the allegations, and therefore denies the same.  NPC denies the remaining allegations in

23  Paragraph 22 of the Complaint.

24       23.    Paragraph 23 of the Complaint contains allegations regarding parties other than

25  NPC to which no response by NPC is required.  The allegations in Paragraph 23 of the Complaint

26  constitute legal conclusions to which no response is required.  To the extent that plaintiffs' use of

27  "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.    - 6 -
C-07-3453 JL

04401\1288768.1

1    to form a belief as to the truth of the allegations and, therefore, denies the same. To the extent

2    that a response is required, NPC denies the allegations in Paragraph 23 of the Complaint.

3        24.    The allegations in Paragraph 24 of the Complaint constitute legal conclusions to

4    which no response is required. To the extent that a response is required, NPC lacks sufficient

5    knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the

6    Complaint and therefore denies the same.

7        25.    Paragraph 25 of the Complaint contains allegations regarding parties other than

8    NPC to which no response by NPC is required. The allegations in Paragraph 25 of the Complaint

9    constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of

10   "defendants" refers to defendants other than NPC, NPC states that it lacks sufficient knowledge

11   or information to form a belief as to the truth of the allegations and, therefore, denies the same.

12   To the extent that a response is required, NPC denies the allegations in Paragraph 25 of the

13   Complaint.

14       26.    Paragraph 26 of the Complaint contains allegations regarding parties other than

15   NPC to which no response by NPC is required. The allegations in Paragraph 26 of the Complaint

16   constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of

17   "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

18   to form a belief as to the truth of the allegations and therefore denies the same. To the extent that

19   a response is required, NPC denies the allegations in Paragraph 26 of the Complaint.

20       27.    Paragraph 27 of the Complaint contains allegations regarding parties other than

21   NPC to which no response by NPC is required. The allegations in Paragraph 27 of the Complaint

22   constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of

23   "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

24   to form a belief as to the truth of the allegations and therefore denies the same. To the extent that

25   a response is required, NPC denies the allegations in Paragraph 27 of the Complaint.

26       28.    The allegations in Paragraph 28 of the Complaint and its subparts (a)-(g) constitute

27   legal conclusions to which no response is required. To the extent that a response is required, NPC

28   denies the allegations in Paragraph 28 of the Complaint and its subparts (a)-(g). NPC specifically

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.      - 7 -                                04401\1288768.1
C-07-3453 JL

1   denies that any injuries alleged in the Complaint were caused by Aredia® and/or Zometa®. NPC

2   also specifically denies that plaintiffs are entitled to any of the relief sought in Paragraph 28 of the

3   Complaint and its subparts (a)-(g).

4        29.    In response to Paragraph 29 of the Complaint, NPC incorporates by reference its

5   responses to all preceding paragraphs of the Complaint.

6        30.    Paragraph 30 of the Complaint contains allegations regarding parties other than

7   NPC to which no response by NPC is required. NPC lacks sufficient knowledge or information

8   to determine what time periods plaintiffs assert in Paragraph 30 and is therefore unable to

9   respond. To the extent that plaintiffs' use of "defendants" refers to defendants other than NPC,

10  NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations,

11  and therefore denies the same. To the extent that a response is required, NPC admits that it tests,

12  labels, markets, sells, advertises, and distributes Zometa® and that it labels, sells, and distributes

13  Aredia® in all fifty states in the United States, including California, Wisconsin, and New Jersey.

14  NPC admits that in the past it did test, advertise, and market Aredia® in all fifty states in the

15  United States, including California, Wisconsin, and New Jersey. NPC denies the remaining

16  allegations in Paragraph 30 of the Complaint.

17       31.    NPC lacks sufficient knowledge or information to form a belief as to the truth of

18  the allegations in Paragraph 31 of the Complaint and therefore denies same.

19       32.    The allegations in Paragraph 32 of the Complaint constitute legal conclusions to

20  which no response is required. To the extent that a response is required, NPC lacks sufficient

21  knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the

22  Complaint and therefore denies the same.

23       33.    The allegations in Paragraph 33 of the Complaint constitute legal conclusions to

24  which no response is required. To the extent that a response is required, NPC denies the

25  allegations in Paragraph 33 of the Complaint.

26       34.    Paragraph 34 of the Complaint contains allegations regarding parties other than

27  NPC to which no response by NPC is required. The allegations in Paragraph 34 of the Complaint

28  constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.          - 8 -                                    04401\1288768.1
C-07-3453 JL

1  "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

2  to form a belief as to the truth of the allegations and therefore denies the same. To the extent that

3  a response is required, NPC denies the allegations in Paragraph 34 of the Complaint. NPC

4  specifically denies that any injuries alleged in the Complaint were caused by Aredia® and/or

5  Zometa® and/or that the products are "unreasonably dangerous" and/or "defective."

6      35.    Paragraph 35 of the Complaint contains allegations regarding parties other than

7  NPC to which no response by NPC is required. The allegations in Paragraph 35 of the Complaint

8  constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of

9  "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

10  to form a belief as to the truth of the allegations and therefore denies the same. To the extent that

11  a response is required, NPC denies the allegations in Paragraph 35 of the Complaint. NPC

12  specifically denies that any injuries alleged in the Complaint were caused by Aredia® and/or

13  Zometa®.

14      36.    Paragraph 36 of the Complaint contains allegations regarding parties other than

15  NPC to which no response by NPC is required. The allegations in Paragraph 36 of the Complaint

16  constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of

17  "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

18  to form a belief as to the truth of the allegations, and therefore denies the same. To the extent that

19  a response is required, NPC denies the allegations in Paragraph 36 of the Complaint. NPC

20  specifically denies that plaintiffs are entitled to any of the relief sought in Paragraph 36 of the

21  Complaint. In particular, NPC denies that plaintiffs are entitled to punitive damages.

22      37.    In response to Paragraph 37 of the Complaint, NPC incorporates by reference its

23  responses to all preceding paragraphs of the Complaint.

24      38.    Paragraph 38 of the Complaint contains allegations regarding parties other than

25  NPC to which no response by NPC is required. The allegations in Paragraph 38 constitute legal

26  conclusions to which no response is required. To the extent that plaintiffs' use of "defendants"

27  refers to defendants other than NPC, NPC lacks sufficient knowledge or information to form a

28  belief as to the truth of the allegations and therefore denies the same. To the extent that a

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL    - 9 -    04401\1288768.1

1    response is required, NPC admits that applicable law imposes certain duties upon manufacturers

2    and distributors of products, but denies that Paragraph 38 accurately sets forth those duties. NPC

3    denies the remaining allegations in Paragraph 38 of the Complaint.

4          39.    Paragraph 39 of the Complaint and its subparts (a)-(e) contains allegations

5    regarding parties other than NPC to which no response by NPC is required. The allegations in

6    Paragraph 39 of the Complaint and its subparts (a)-(e) constitute legal conclusions to which no

7    response is required. To the extent that plaintiffs' use of "defendants" refers to defendants other

8    than NPC, NPC lacks sufficient knowledge or information to form a belief as to the truth of the

9    allegations and therefore denies the same. To the extent that a response is required, NPC admits

10   that applicable law imposes certain duties upon manufacturers and distributors of products, but

11   denies that Paragraph 39 and its subparts (a)-(e) accurately sets forth those duties. NPC denies

12   the remaining allegations in Paragraph 39 of the Complaint and its subparts (a)-(e).

13         40.    Paragraph 40 of the Complaint contains allegations regarding parties other than

14   NPC to which no response by NPC is required. To the extent that plaintiffs' use of "defendants"

15   refers to defendants other than NPC, NPC lacks sufficient knowledge or information to form a

16   belief as to the truth of the allegations and therefore denies the same. To the extent that a

17   response is required, NPC admits in response to the first clause of the first sentence of Paragraph

18   40 that NPC has sold Aredia® and Zometa®. NPC denies the remaining allegations in the first

19   clause of the first sentence of Paragraph 40. The allegations in the second clause of the first

20   sentence of Paragraph 40 of the Complaint constitute legal conclusions to which no response is

21   required. To the extent that a response is required, NPC denies the allegations in the second

22   clause of the first sentence of Paragraph 40 of the Complaint. The allegations in the second

23   sentence of Paragraph 40 of the Complaint constitute legal conclusions to which no response is

24   required. To the extent that a response is required, NPC denies the allegations in the second

25   sentence of Paragraph 40 of the Complaint. NPC denies all remaining allegations in Paragraph

26   40 of the Complaint.

27         41.    Paragraph 41 of the Complaint contains allegations regarding parties other than

28   NPC to which no response by NPC is required. The allegations in Paragraph 41 of the Complaint

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.    - 10 -
C-07-3453 JL                                                        04401\1288768.1

1    constitute legal conclusions to which no response is required.  To the extent that plaintiffs' use of

2    "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

3    to form a belief as to the truth of the allegations and therefore denies the same.  To the extent that

4    a response is required, NPC denies the allegations in Paragraph 41 of the Complaint.

5         42.     Paragraph 42 of the Complaint contains allegations regarding parties other than

6    NPC to which no response by NPC is required.  The allegations in Paragraph 42 of the Complaint

7    constitute legal conclusions to which no response is required.  To the extent that plaintiffs' use of

8    "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

9    to form a belief as to the truth of the allegations and therefore denies the same.  To the extent that

10   a response is required, NPC denies the allegations in Paragraph 42 of the Complaint.

11        43.     Paragraph 43 of the Complaint contains allegations regarding parties other than

12   NPC to which no response by NPC is required.  The allegations in Paragraph 43 of the Complaint

13   constitute legal conclusions to which no response is required.  To the extent that plaintiffs' use of

14   "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

15   to form a belief as to the truth of the allegations and therefore denies the same.  To the extent that

16   a response is required, NPC denies the allegations in Paragraph 43 of the Complaint.  NPC

17   specifically denies that plaintiffs are entitled to any of the relief sought in Paragraph 43 of the

18   Complaint.  In particular, NPC denies that plaintiffs are entitled to punitive damages.

19        44.     In response to Paragraph 44 of the Complaint, NPC incorporates by reference its

20   responses to all preceding paragraphs of the Complaint.

21        45.     Paragraph 45 of the Complaint contains allegations regarding parties other than

22   NPC to which no response by NPC is required.  The allegations in Paragraph 45 of the Complaint

23   constitute legal conclusions to which no response is required.  To the extent that plaintiffs' use of

24   "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

25   to form a belief as to the truth of the allegations and therefore denies the same.  To the extent that

26   a response is required, NPC admits that applicable law imposes certain duties upon manufacturers

27   and distributors of products, but denies that Paragraph 45 accurately sets forth those duties.  NPC

28   denies the remaining allegations in Paragraph 45 of the Complaint.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.        - 11 -                                    04401\1288768.1
C-07-3453 JL

46.    Paragraph 46 of the Complaint and its subparts (a)-(e) contains allegations regarding parties other than NPC to which no response by NPC is required. The allegations in Paragraph 46 of the Complaint and its subparts (a)-(e) constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same. To the extent that a response is required, NPC admits that applicable law imposes certain duties upon manufacturers and distributors of products, but denies that Paragraph 46 and its subparts (a)-(e) accurately sets forth those duties. NPC denies the remaining allegations in Paragraph 46 of the Complaint and its subparts (a)-(e).

47.    Paragraph 47 of the Complaint and its subparts (a)-(f) contains allegations regarding parties other than NPC to which no response by NPC is required. The allegations in Paragraph 47 of the Complaint and its subparts (a)-(f) constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same. To the extent that a response is required, NPC denies the allegations in Paragraph 47 of the Complaint and its subparts (a)-(f).

48.    Paragraph 48 of the Complaint contains allegations regarding parties other than NPC to which no response by NPC is required. The allegations in Paragraph 48 of the Complaint constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same. To the extent that a response is required, NPC denies the allegations in Paragraph 48 of the Complaint.

49.    Paragraph 49 of the Complaint contains allegations regarding parties other than NPC to which no response by NPC is required. The allegations in the first clause of Paragraph 49 of the Complaint constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same. To the extent that a response is required, NPC denies the allegations in the first clause

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL                                   - 12 -

04401\1288768.1

1  of Paragraph 49 of the Complaint. In response to the second clause of Paragraph 49 of the

2  Complaint, NPC admits that it markets, promotes, distributes, and sells Zometa® and that it

3  distributes and sells Aredia®. NPC admits that in the past it did market and promote Aredia®.

4  NPC denies the remaining allegations in the second clause of Paragraph 49 of the Complaint.

5  NPC specifically denies that Aredia® and/or Zometa® are "dangerously defective."

6       50.    Paragraph 50 of the Complaint contains allegations regarding parties other than

7  NPC to which no response by NPC is required. The allegations in Paragraph 50 of the

8  Complaint, in particular, the allegations regarding violations of statutes and regulations, constitute

9  legal conclusions to which no response is required. To the extent that plaintiffs' use of

10  "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

11  to form a belief as to the truth of the allegations and therefore denies the same. NPC lacks

12  sufficient knowledge or information to form a belief as to the truth of the allegations regarding

13  "injuries and damages" allegedly incurred by plaintiffs and therefore denies the same. NPC

14  denies all remaining allegations in Paragraph 50 of the Complaint.

15       51.    Paragraph 51 of the Complaint contains allegations regarding parties other than

16  NPC to which no response by NPC is required. The allegations in Paragraph 51 of the Complaint

17  constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of

18  "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

19  to form a belief as to the truth of the allegations and therefore denies the same. To the extent that

20  a response is required, NPC denies the allegations in Paragraph 51 of the Complaint. NPC

21  specifically denies that plaintiffs are entitled to any of the relief sought in Paragraph 51 of the

22  Complaint. In particular, NPC denies that plaintiffs are entitled to punitive damages.

23       52.    In response to Paragraph 52 of the Complaint, NPC incorporates by reference its

24  responses to all preceding paragraphs of the Complaint.

25       53.    Paragraph 53 of the Complaint contains allegations regarding parties other than

26  NPC to which no response by NPC is required. The allegations in Paragraph 53 of the Complaint

27  constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of

28  "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.    - 13 -
C-07-3453 JL                                                04401\1288768.1

1  to form a belief as to the truth of the allegations and therefore denies the same. To the extent that

2  a response is required, NPC denies the allegations in Paragraph 53 of the Complaint.

3       54.    NPC lacks sufficient knowledge or information to form a belief as to the truth of

4  the allegations in Paragraph 54 of the Complaint and therefore denies the same.

5       55.    Paragraph 55 of the Complaint contains allegations regarding parties other than

6  NPC to which no response by NPC is required. The allegations in Paragraph 55 of the Complaint

7  constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of

8  "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

9  to form a belief as to the truth of the allegations and therefore denies the same. To the extent that

10  a response is required, NPC denies the allegations in Paragraph 55 of the Complaint.

11       56.    The allegations in Paragraph 56 of the Complaint constitute legal conclusions to

12  which no response is required. To the extent that plaintiffs' use of "defendants" refers to

13  defendants other than NPC, NPC lacks sufficient knowledge or information to form a belief as to

14  the truth of the allegations and therefore denies the same. To the extent that a response is

15  required, NPC denies the allegations in Paragraph 56 of the Complaint. NPC specifically denies

16  that plaintiffs are entitled to any of the relief sought in Paragraph 56 of the Complaint. In

17  particular, NPC denies that plaintiffs are entitled to punitive damages.

18       57.    In response to Paragraph 57 of the Complaint, NPC incorporates by reference its

19  responses to all preceding paragraphs of the Complaint.

20       58.    Paragraph 58 of the Complaint contains allegations regarding parties other than

21  NPC to which no response by NPC is required. The allegations in Paragraph 58 of the Complaint

22  constitute legal conclusions to which no response is required. To the extent that plaintiffs' use of

23  "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

24  to form a belief as to the truth of the allegations and therefore denies the same. To the extent that

25  a response is required, NPC denies the allegations in Paragraph 58 of the Complaint.

26       59.    Paragraph 59 of the Complaint contains allegations regarding parties other than

27  NPC to which no response by NPC is required. To the extent that plaintiffs' use of "defendants"

28  refers to defendants other than NPC, NPC lacks sufficient knowledge or information to form a

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL                               - 14 -                               04401\1288768.1

1   belief as to the truth of the allegations and therefore denies the same.  To the extent that a

2   response is required, NPC lacks sufficient knowledge or information to form a belief as to the

3   truth of the allegations in Paragraph 59 regarding plaintiffs' skill or alleged reliance and therefore

4   denies the same.  NPC denies the remaining allegations in Paragraph 59 of the Complaint.

5       60.    The allegations in Paragraph 60 of the Complaint constitute legal conclusions to

6   which no response is required.  To the extent that a response is required, NPC denies the

7   allegations in Paragraph 60 of the Complaint.  NPC specifically denies that any injuries alleged in

8   the Complaint were caused by Aredia® and/or Zometa®.

9       61.    Paragraph 61 of the Complaint contains allegations regarding parties other than

10  NPC to which no response by NPC is required.  The allegations in Paragraph 61 of the Complaint

11  constitute legal conclusions to which no response is required.  To the extent that plaintiffs' use of

12  "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

13  to form a belief as to the truth of the allegations and therefore denies the same.  To the extent that

14  a response is required, NPC denies the allegations in Paragraph 61 of the Complaint.  NPC

15  specifically denies that plaintiffs are entitled to any of the relief sought in Paragraph 61 of the

16  Complaint.  In particular, NPC denies that plaintiffs are entitled to punitive damages.

17      62.    In response to Paragraph 62 of the Complaint, NPC incorporates by reference its

18  responses to all preceding paragraphs of the Complaint.

19      63.    Paragraph 63 of the Complaint contains allegations regarding parties other than

20  NPC to which no response by NPC is required.  The allegations in Paragraph 63 of the Complaint

21  constitute legal conclusions to which no response is required.  To the extent that plaintiffs' use of

22  "defendants" refers to defendants other than NPC, NPC lacks sufficient knowledge or information

23  to form a belief as to the truth of the allegations and therefore denies the same.  To the extent that

24  a response is required, NPC denies the allegations in Paragraph 63 of the Complaint.

25      64.    The allegations in Paragraph 64 of the Complaint constitute legal conclusions to

26  which no response is required.  To the extent that a response is required, NPC denies the

27  allegations in Paragraph 64 of the Complaint.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL

- 15 -

04401\1288768.1

1    65.    The allegations in Paragraph 65 of the Complaint constitute legal conclusions to

2 which no response is required. To the extent that a response is required, NPC denies the

3 allegations in Paragraph 65 of the Complaint.

4    66.    In response to Paragraph 66 of the Complaint, NPC incorporates by reference its

5 responses to all preceding paragraphs of the Complaint.

6    67.    The allegations in Paragraph 67 of the Complaint contain legal conclusions to

7 which no response is required. To the extent that a response is required, NPC lacks sufficient

8 knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 of the

9 Complaint and, therefore, denies the same. NPC denies that plaintiffs are entitled to any relief

10 sought in Paragraph 67 of the Complaint.

11    68.    Paragraph 68 of the Complaint contains allegations regarding parties other than

12 NPC to which no response by NPC is required. The allegations in Paragraph 68 of the Complaint

13 constitute legal conclusions to which no response is required. To the extent that a response is

14 required, NPC denies the allegations in Paragraph 68 of the Complaint. NPC specifically denies

15 that plaintiffs are entitled to any relief sought in Paragraph 68 of the Complaint.

16    69.    With respect to the allegations of the unnumbered paragraph following Paragraph

17 68 of the Complaint and its subparts (a) through (e), which begins with the words

18 "WHEREFORE, Plaintiffs pray for judgment," NPC denies that plaintiffs are entitled to the relief

19 sought therein, including any judgment for any damages, interest, costs or any other relief

20 whatsoever.

21    70.    Every allegation in the Complaint that is not specifically and expressly admitted in

22 this Answer is hereby specifically and expressly denied.

23

24                              **AFFIRMATIVE DEFENSES**

25

26                              **FIRST AFFIRMATIVE DEFENSE**

27    The Complaint, in whole or part, fails to state a claim or cause of action against NPC upon

28 which relief can be granted.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL                    - 16 -                    04401\1288768.1

1

## SECOND AFFIRMATIVE DEFENSE

2    Venue is inconvenient to the parties in the United States District Court for the Northern

3    District of California, and this matter should be transferred to an appropriate jurisdiction.

4    Alternatively, any claims remanded to the state courts of California should be dismissed under the

5    doctrine of forum non conveniens, because plaintiffs filed this suit in an inconvenient venue.

6    ## THIRD AFFIRMATIVE DEFENSE

7    The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar

8    plaintiffs' claims against NPC in whole or in part.

9    ## FOURTH AFFIRMATIVE DEFENSE

10    The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6,

11    bar plaintiffs' claims against NPC in whole or in part.

12    ## FIFTH AFFIRMATIVE DEFENSE

13    Applicable statutes of limitations or repose bar plaintiffs' claims in whole or in part. *See,*

14    *e.g.,* Cal. Civ. Proc. Code § 335.1.

15    ## SIXTH AFFIRMATIVE DEFENSE

16    Plaintiffs' misuse or abnormal use of the products or failure to follow instructions bar the

17    plaintiffs' claims in whole or in part.

18    ## SEVENTH AFFIRMATIVE DEFENSE

19    The alleged injuries to plaintiffs were proximately caused by the misuse, abuse, alteration,

20    and/or failure to properly utilize, maintain, or care for the products by persons other than NPC.

21    ## EIGHTH AFFIRMATIVE DEFENSE

22    If plaintiffs used a product sold by NPC, then plaintiffs' claims are barred, in whole or in

23    part, because plaintiffs assumed the risks disclosed by the product labeling, by the prescribing

24    physicians, or by other persons or entities.

25    ## NINTH AFFIRMATIVE DEFENSE

26    Any alleged negligent or culpable conduct of NPC, none being admitted, was so

27    insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs'

28    alleged injuries.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL                                    - 17 -                          04401\1288768.1

## TENTH AFFIRMATIVE DEFENSE

If plaintiffs used a product sold by NPC, plaintiffs used the product for "off-label" purposes, which bars the plaintiffs' claims.

## ELEVENTH AFFIRMATIVE DEFENSE

The "learned intermediary" doctrine bars plaintiffs' claims.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the labels and information accompanying the products at issue were approved by the U.S. Food and Drug Administration or other appropriate regulatory agencies.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable products liability statutes or other law providing absolute or limited immunity or a disputable presumption of immunity against liability for pharmaceutical products approved by the FDA.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Aredia® and/or Zometa®.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL

- 18 -

04401\1288768.1

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which NPC is neither liable nor responsible or resulted from diseases and/or causes that are not related to or connected with any product sold, distributed, or manufactured by NPC. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs' alleged injuries, if caused by Aredia® and/or Zometa®, which is denied, were the result of plaintiffs' own idiosyncratic reactions.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate, which limits plaintiffs' damages, if any, in whole or in part.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Aredia® and/or Zometa® were fit and proper for their intended purposes and the social utility of the drugs outweighed any possible risk inherent in the use of the products.

### TWENTY-SECOND AFFIRMATIVE DEFENSES

NPC has no legal relationship or privity with plaintiffs and owes no duty to plaintiffs by which liability could be attributed to it.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims of plaintiffs should be diminished in whole or in part in the amount paid to plaintiffs by any party or non-party with whom plaintiffs have settled or may settle.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL                                    - 19 -                          04401\1288768.1

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2    Plaintiffs' claims are barred, reduced and/or limited pursuant to applicable statutory and

3 common law regarding limitations of awards, caps on recovery, and setoffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

4

5    NPC made no warranties of any kind, express or implied, or any representations of any

6 nature whatsoever to plaintiffs. If any such warranties were made, whether express or implied,

7 which NPC specifically denies, then plaintiffs did not rely on any such representations or

8 warranties and/or failed to give notice of any breach thereof.

9

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

10    Notwithstanding the claims and contentions of plaintiffs, plaintiffs received all or

11 substantially all of the benefit from the products that plaintiffs hoped and intended to receive, and,

12 to that extent, any damages and/or restitution that plaintiffs might be entitled to recover from

13 NPC must be correspondingly reduced.

14

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15    Plaintiffs' causes of action are barred in whole or in part by plaintiffs' own

16 contributory/comparative negligence.

17

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

18    Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from

19 collateral sources.

20

## TWENTY-NINTH AFFIRMATIVE DEFENSE

21    If plaintiffs has been injured or damaged, no injury or damages being admitted, such

22 injuries were not caused by an NPC product.

23

## THIRTIETH AFFIRMATIVE DEFENSE

24    The claims of William and Sue Mason are misjoined and/or should be severed from the

25 claims asserted by Shirley and Irving Werner, pursuant to Fed. R. Civ. P. 20 and/or 21.

26

## THIRTY-FIRST AFFIRMATIVE DEFENSE

27    Plaintiffs' claims for punitive damages are barred because such an award would violate

28 NPC's due process, equal protection and/or other rights under the United States Constitution, the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL                  - 20 -                    04401\1288768.1

1   New Jersey Constitution, the California Constitution, the Wisconsin Constitution, and/or other

2   applicable state constitutions.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

4       Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to allege

5   conduct warranting imposition of punitive damages under New Jersey, California, Wisconsin

6   and/or other applicable state laws.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

8       Plaintiffs' claim for punitive damages is preempted, in whole or in part, by applicable

9   federal law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

11       To the extent that New Jersey law applies to plaintiffs' claims, Plaintiffs are limited in the

12   amount, if any, they may recover for punitive damages under N.J.S.T. § 2A:15-5.9 *et seq.*

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

14       To the extent that New Jersey law applies to plaintiffs' claims, Plaintiffs are barred from

15   recovering punitive damages under N.J.S.T. § 2A:58C-5(c) because Zometa® and Aredia® were

16   subject to pre-market approval by the FDA, were approved by the FDA, and/or were generally

17   recognized as safe and effective pursuant to regulations and conditions established by the FDA.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

19       Punitive damages against NPC cannot be recovered based on alleged fraudulent

20   representation to the FDA. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 343

21   (2001); *see also* N.J.S.T. § 2A:58C-5(c).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

23       Plaintiffs' claims for punitive damages are barred in whole or in part because plaintiffs are

24   not entitled to compensatory damages, no fault or other admissions being made.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

26       To the extent that Wisconsin law applies, plaintiffs' warranty claims are barred. *See*

27   *Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 273 N.W.2d 233 (Wis. 1979).

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL                                    - 21 -                                    04401\1288768.1

## THIRTY-NINTH AFFIRMATIVE DEFENSE

1

2      NPC hereby gives notice that it intends to rely upon such other defenses as may become

3  available or apparent during the course of discovery and thus reserves its right to amend this

4  Answer to assert such defenses.

5

6      WHEREFORE, DEFENDANT NPC DEMANDS JUDGMENT IN ITS FAVOR AND

7  AGAINST PLAINTIFFS, DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE,

8  TOGETHER WITH THE COSTS OF SUIT AND SUCH OTHER RELIEF AS THE COURT

9  DEEMS EQUITABLE AND JUST.

10

## JURY DEMAND

11

12

13      Defendant Novartis Pharmaceuticals Corporation demands a jury trial as to all issues so

14  triable.

15  Dated: July 2, 2007

Respectfully submitted,

16

17  James A. Bruen (State Bar No. 43880)
    Sarah Peterman (State Bar No. 227082)
18  **FARELLA BRAUN & MARTEL LLP**
    235 Montgomery Street, 17th Floor
19  San Francisco, CA  94104
    Phone: (415) 954-4400
20  Fax: (415) 954-4480
    jbruen@fbm.com; speterman@fbm.com
21

22  *Of counsel:*
    Joe G. Hollingsworth
    Donald W. Fowler
23  Katharine R. Latimer
    Robert E. Johnston
24  SPRIGGS & HOLLINGSWORTH
    1350 I Street, NW, Ninth Floor
25  Washington, D.C.  20005
    Phone:  (202) 898-5800
26  Fax:  (202) 682-1639

27  Attorneys for Defendant Novartis Pharmaceuticals
    Corporation
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.
C-07-3453 JL                                    - 22 -                          04401\1288768.1

**Proof of Service**

I, Susan C. Hunt, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 235 Montgomery Street, 17th Floor, San Francisco, California 94104. On July 2, 2007, I served a copy of the within document(s):

Answer to Complaint; Jury Demand

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Robert F. Clarke, Esq.                    Attorney for Plaintiffs
Phillips & Associates
3030 North Third Street, Suite 1100
Phoenix, AZ 85012
Phone: (602) 258-8900
Fax: (602) 288-1671

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2007, at San Francisco, California.

Susan C. Hunt

Facella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Answer to Complaint; Jury Demand – Case No.    - 1 -    04401\1288768.1
C-07-3453 JL